IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| B.J. STOUFFER, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-320-C |
| | ) | |
| CHRIS EULBERG, Attorney, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**
**CONCERNING MOTION FOR A PROTECTIVE ORDER**

The Court should deny the Plaintiff's motion for a protective order (Doc. 57).

I.   The Plaintiff's Allegations and Request for a Preliminary Injunction

Mr. B.J. Stouffer filed an amended complaint in July 2009, alleging improprieties by his defense attorney, retaliation for his exercise of constitutional rights, deprivation of due process in the disciplinary policy, inadequacy of court access, denial of the right to assemble for religious purposes, and lack of administrative accountability.

Mr. Stouffer then filed a motion for a protective order, requesting an interim order: (1) to provide protection from repeated "unconstitutional 'practices,' thefts, and harassments;" (2) restore telephone numbers to his list of individuals that he can call; (3) return property taken since August 4, 2009; and (4) remove eight arbitrary charges on his prison trust fund account. Motion for Protective Order (Oct. 8, 2009). The Court should construe the motion as one for a preliminary injunction and deny relief.

II. Protection from Unconstitutional Practices, Thefts, and Harassment: Lack of Specificity

As noted, Mr. Stouffer asks in part for an order that would prevent continuation of the Defendants' unconstitutional practices, thefts, and harassment. However, this request is improper under Fed. R. Civ. P. 65(d)(1).

Under this rule, every injunction must "state its terms specifically" and "describe in reasonable detail . . . the act or acts restrained or required." In the motion, Mr. Stouffer failed to propose terms that would allow the Court to comply with Rule 65(d)(1). As a result, the Court should reject the request for protection from unconstitutional practices, thefts, and harassment. *See Vallario v. Vandehey*, 554 F.3d 1259, 1268 (10th Cir. 2009).[1]

III. The Plaintiff's Other Requests

Mr. Stouffer has also requested an order restoring telephone numbers to an approved call list, return of property taken since August 4, 2009, and removal of arbitrary charges from a prison trust account. However, these requests are invalid based on a lack of a relationship to the claims in the amended complaint.

---

[1] In *Vallario v. Vandehey*, the court stated:

> Moreover, Rule 65(d) mandates that every injunction order "state its terms specifically" and "describe in reasonable detail" the "act or acts restrained or required." Movants may not make an end-run around this rule by requesting an injunction that operates at some "stratospheric level of abstraction." Injunctions simply requiring a defendant "to obey the law" are generally "too vague" to satisfy Rule 65(d).

*Vallario v. Vandehey*, 554 F.3d at 1268 (citations omitted).

A.	Necessity of a Relationship to the Matters Pled in the Complaint

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, a party seeking a preliminary injunction must establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."[2] When the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.[3]

B.	Return of Property Taken Since August 4, 2009

In the amended complaint, the Plaintiff made allegations concerning deprivation of due process and denial of court access. *See* Amended Civil Rights Complaint Pursuant to 42 USC § 1983, and 18 USC § 1964, *passim* (July 13, 2009). But Mr. Stouffer did not address the confiscation of his property in August 2009. *See id.* Consequently, even if Mr.

---

[2] *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (citation omitted); *see Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that a party seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)).

[3] *See Terry v. Jones*, 2007 WL 962916 (W.D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in the underlying petition); *accord Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)).

Stouffer were to prevail on the merits of his claims in the amended complaint, the Court would be powerless to grant relief for the unrelated and subsequent taking of his property.

Because Mr. Stouffer seeks a preliminary injunction on matters not pled in the amended complaint, the Court should deny the interim request for return of the property.

    C.    Restoration of Telephone Numbers and Removal of Arbitrary Charges on a Trust Account

In the amended complaint, Mr. Stouffer did not mention his telephone call list or his prison trust account. As a result, the Court lacks authority to issue a preliminary injunction on these matters. *See supra* p. 3.

## IV. The Recommended Ruling

Accordingly, the Court should deny the Plaintiff's motion for a protective order (Doc. 57).

## V. Notice of the Right to Object

Mr. Stouffer has the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1). To do so, Mr. Stouffer must file the objection with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objection is November 30, 2009. *See* W.D. Okla. LCvR 72.1. The failure to timely object to this report would preclude appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## VI. Status of the Referral

The referral is not terminated.

Entered this 9th day of November, 2009.

_____
Robert E. Bacharach
United States Magistrate Judge