IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| B.J. STOUFFER, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-320-C |
| | ) | |
| CHRIS EULBERG, Attorney, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION CONCERNING**
**PLAINTIFF'S MOTION TO COMPEL CONTEMPORARY CIVIL RIGHTS**

The Court should construe the Plaintiff's "motion to compel contemporary civil rights" as a motion for preliminary injunction and deny the request.

In his motion to compel, Mr. Stouffer requests that the Court order Department of Corrections officials to:

- provide "restraint-free" legal visits,

- reinstate phone numbers to the Plaintiff's calling list, and

- replace the telephone cords.

*See* Motion to Compel Contemporary Civil Rights (Nov. 10, 2009). The parties interpret the motion as one for a writ of mandamus. *See* Defendants' Amended Response to Plaintiff's Motion to Compel Contemporary Civil Rights at pp. 1-2 (Nov. 30, 2009); Reply to Defendants' Response to Motion to Compel Contemporary Civil Rights at p. 1 (Dec. 4,

2009). The interpretation is incorrect, as the motion is in substance a third motion for a preliminary injunction.[1]

Mr. B.J. Stouffer filed an amended complaint in July 2009, alleging improprieties by his defense attorney, retaliation for his exercise of constitutional rights, deprivation of due process in the disciplinary policy, inadequacy of court access, denial of the right to assemble for religious purposes, and lack of administrative accountability.

Mr. Stouffer's requests for legal visits free of restraints, reinstatement of phone numbers, and replacement of telephone cords lack the necessary relationship to the claims in the amended complaint.

A preliminary injunction grants intermediate relief of the same character as that which may be finally granted. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945). Thus, a party seeking a preliminary injunction must establish "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."[2] When

---

[1] A writ of mandamus serves "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This Court lacks jurisdiction to issue a writ of mandamus against state officials. *See Adkins v. Sapien*, 2006 WL 1875382, Westlaw op. at 1 (10th Cir. July 7, 2006) (unpublished op.) (affirming dismissal of a petition for a writ of mandamus against state prison officials based on the absence of jurisdiction to issue the writ (citing *Amisub (PSL), Inc. v. Colorado Department of Social Services*, 879 F.2d 789, 790 (10th Cir. 1989)) ("No relief against state officials or state agencies is afforded by § 1361.")).

[2] *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975) (stating that a party seeking a preliminary injunction must present "clear proof that he will probably prevail when the merits are tried, so to this extent there is a relation between temporary and permanent relief" (citations omitted)).

the movant seeks intermediate relief beyond the claims in the complaint, the court is powerless to enter a preliminary injunction.[3]

In the amended complaint, the Plaintiff made allegations concerning deprivation of due process and denial of court access. But Mr. Stouffer did not address the constitutionality of being handcuffed during legal visits, the deletion of phone numbers from his calling list, or the length of telephone cords. *See id.* Consequently, even if Mr. Stouffer were to prevail on the merits of his claims in the amended complaint, the Court would be powerless to grant relief for these unrelated and subsequent alleged wrongs.

Accordingly, the Court should deny the Plaintiff's motion for a preliminary injunction.

Mr. Stouffer has the right to object to this report and recommendation. *See* 28 U.S.C. § 636(b)(1). To do so, Mr. Stouffer must file the objection with the Court Clerk for the United States District Court. *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999). The deadline for objection is December 28, 2009. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(d), 72(b)(2). The failure to timely object to this report would preclude appellate

---

[3] *See Terry v. Jones*, 2007 WL 962916 (W.D. Okla. Mar. 30, 2007) (unpublished order) (denying a motion for a preliminary injunction on grounds that the petitioner had failed to establish a relationship between preliminary relief and the claims in the underlying petition); *accord Stewart v. United States Immigration & Naturalization Service*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that the district court lacked jurisdiction to issue a preliminary injunction because the movant had "present[ed] issues which [were] entirely different from those which [had been] alleged in his original complaint"); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Alabama v. United States Army Corps of Engineers*, 424 F.3d 1117, 1134 (11th Cir. 2005) ("injunctive relief must relate in some fashion to the relief requested in the complaint" (citation omitted)).

review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral is not terminated.

Entered this 11th day of December, 2009.

_____
Robert E. Bacharach
United States Magistrate Judge