IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BIGLER JOBE STOUFFER, II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-09-320-C |
| | ) | |
| CHRIS EULBERG, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

Plaintiff filed the present action pursuant to 42 U.S.C. § 1983, complaining that his counsel failed to provide effective assistance of counsel during habeas proceedings. Plaintiff also raised complaints about actions taken by prison personnel, including restricting his access to the law library and monitoring his telephone conferences with counsel. Consistent with the provisions of 28 U.S.C. § 636(b)(1)(B), this matter was referred to United States Magistrate Judge Robert E. Bacharach. Judge Bacharach has now issued two Reports and Recommendations ("R&R") addressing Plaintiff's claims.

As for the state law based claims against Plaintiff's habeas attorney, Judge Bacharach recommends the Court decline to exercise supplemental jurisdiction over these claims. Plaintiff's Objection to this R&R raises no issue that was not properly considered and rejected by Judge Bacharach. The Court has reviewed the issues de novo and agrees with Judge Bacharach's disposition.

Turning to the claims against Messrs. Jones and Workman, the Court finds these claims also lack merit and should be dismissed. As Judge Bacharach noted, the allegations

raised by Plaintiff of a violation of his right to seek redress of grievances, a deprivation of due process, conspiracy, and retaliation fail to state a claim for relief. The alleged wrongs set out by Plaintiff simply do not give rise to a claim for relief under the law. Accordingly, Defendants Jones and Workman are entitled to dismissal of these claims.

As for the claim of telephone call monitoring, Defendants are entitled to judgment. As Judge Bacharach noted, Defendants have come forward with evidence showing no calls were monitored. At the summary judgment stage, the nonmoving party must respond to a properly supported summary judgment motion with specific supported or supportable facts showing a genuine issue for trial exists. Fed.R.Civ.P. 56(e)(2). Because Plaintiff has failed this obligation, Defendants Jones and Workman are entitled to judgment.

As set forth more fully herein, the Reports and Recommendations (Dkt. Nos. 114 and 115) are adopted in full. Plaintiff's state law claims against Defendant Eulberg are DISMISSED without prejudice. Plaintiff's 42 U.S.C. § 1983 claims for violation of right to seek redress of grievances, deprivation of due process, conspiracy, and retaliation against Defendants Jones and Workman are DISMISSED without prejudice. Defendants Jones and Workman are entitled to judgment on Plaintiff's § 1983 claim for monitoring telephone calls. A separate judgment will enter.

IT IS SO ORDERED this 11th day of June, 2010.

ROBIN J. CAUTHRON
United States District Judge